(No. 4447- )

VALLEY E. GROSS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 26, 1955.*

JOSEPH M. DE LAURENTI, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

This case was originally filed by claimant on January 18, 1951. On October 10, 1952, an opinion was filed, in which claimant was granted an award under Section 19b of the Workmen's Compensation Act. (21 C.C.R. 337.) Included in said opinion was the following statement:

"All future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary."

This case comes within the provisions of the Workmen's Compensation Act of 1949, as amended.

On January 14, 1953, a petition for further compensation for the period of March 1, 1952 to the present date at the rate of $22.50 per week was filed, in which it was alleged that claimant had not returned to work, that it was impossible for him to return to work, and that the injuries received were totally disabling from the date of the injury, October 13, 1950, to the present time.

Since that time there have been two subsequent hearings. On February 17, 1953 the testimony of Dr. Edward L. Hediger was taken, and, on November 18, 1953 the testimony of Dr. Francis M. Barnes, Jr. was

taken. Claimant also testified that he had not returned to work, and that he was still under the care of Dr. Edward L. Hediger. Both Doctors testified that claimant was totally and permanently disabled, and, in their opinion, would be unable to return to gainful employment.

The only question before this Court is whether or not at the present time claimant is permanently and totally disabled as the result of the accident, which occurred on October 13, 1950, while he was employed by the Department of Public Welfare of the State of Illinois. Such permanent and total disablement would entitle him to receive compensation payments from the date of the accident until the sum of $6,000.00 was paid, which would be the maximum allowance under the 1949 Act in the event of death, allowing respondent credit for all payments made, including nonproductive time, in accordance with the findings made by this Court in its opinion hereinabove referred to.

Since no further medical testimony, other than that of Drs. Edward L. Hediger and Francis M. Barnes, Jr., was presented to the Court, and the only additional testimony was that offered by claimant, we are of the opinion that claimant is entitled to an award for permanent and total disability, the maximum amount of which, under the 1949 Act, cannot exceed $6,000.00, and thereafter a pension for life.

It is, therefore, our finding that claimant is entitled to an award for permanent and total disability in the amount of $6,000.00. However, since claimant received the sum of $1,397.87 for non-productive time, and $215.68 for temporary disability, these amounts must be deducted from said award, leaving a balance due of $4,386.45 to

be paid to claimant at his compensation rate of $22.50 per week.

Of this amount, the sum of $3,465.00 has accrued from February 28, 1952 to February 10, 1955, and is payable to claimant forthwith. The balance of $921.45 is payable to claimant in forty weekly installments of $22.50, beginning on February 17, 1955, with one final payment of $21.45. Thereafter, claimant is entitled to a pension for life of $480.00, payable in monthly installments of $40.00.

Dr. Edward L. Hediger rendered claimant professional services in the amount of $184.50, which appears to be the only unpaid medical bill, all previous medical bills apparently having been paid by respondent. An award is, therefore, made in favor of Dr. Edward L. Hediger for professional services in the amount of $184.50.

Henry P. Keefe was employed to take and transcribe the testimony in the hearings of this case, and charges in the total amount of $82.00 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Henry P. Keefe in the amount of $82.00, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act Concerning the Payment of Compensation Awards to State Employees".